UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>JOE BIDEN, et al.,<br><br>    Defendants. | Case No. 23-cv-01623-JSC<br><br>**ORDER STRIKING COMPLAINT IN PART AND GRANTING MOTION FOR VOLUNTARY DISMISSAL**<br><br>Re: Dkt. No. 8 |

Plaintiff Steve Garrison ("Plaintiff"), a California prisoner proceeding without an attorney, filed this civil rights action against President Joe Biden, Vice President Kamala Harris, the "NFL Commission," and the "NBA Commission." (ECF No. 1) Plaintiff is granted leave to proceed in forma pauperis in a separate order.

Plaintiff adds a number current and former professional athletes, musicians, and actors to the Complaint as additional Plaintiffs. (ECF No. 1.) They have not signed the Complaint, however, as required by Rule 11(a) of the Federal Rules of Civil Procedure, nor have they otherwise appeared or indicated that they wish to be part of this case. Furthermore, Plaintiff is not an attorney and as such he may not represent these other plaintiffs, nor may he be a class representative in a class action. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona [i.e. without an attorney] has no authority to represent anyone other than himself"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (prisoner plaintiffs without an attorney are not adequate class representatives able to fairly represent and adequately protect the interests of a class). Accordingly, the Complaint is STRICKEN to the extent it lists Plaintiffs who have not signed it, *i.e.* all Plaintiffs other than Steven Garrison. *See* Fed. R. Civ. P. 11(a) (a court must strike any unsigned pleading).

Plaintiff has filed a motion to voluntarily dismiss this case. (ECF No. 8) A plaintiff has

the absolute right to dismiss his or her action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Said dismissal may be with or without prejudice, but unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." *See* Fed. R. Civ. P. 41(a)(1). A plaintiff's "absolute right" to dismiss his action voluntarily before the defendants serve an answer or a motion for summary judgment leaves no role for the court to play. *See American Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999). A district court may not vacate a voluntary dismissal under Rule 41(a)(1)(i) and reach the merits of the case. *See id.* at 1112. Defendants have not been served, and therefore Plaintiff has the absolute right to voluntarily dismiss this case.

Plaintiff states he wants attorney's fees at the rate or 20 cents per hour or 40 million dollars. (ECF No. 8.) Plaintiff is not entitled to attorney's fees because he is not a "prevailing" party. *See* 28 U.S.C. § 1988 (attorney's fees are only available to "prevailing party" in case under 28 U.S.C. § 1983); *Sole v. Wyner*, 551 U.S. 74, 82 (2007).

Under Rule 41(a)(1), the motion for voluntary dismissal is GRANTED, and the case is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file. This order disposes of docket number 8.

**IT IS SO ORDERED.**

Dated: August 22, 2023

 _____
JACQUELINE SCOTT CORLEY
United States District Judge